**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LAURENCE LUCY-EVANS, | ) | CASE NO: 1:15-CV-432 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE |
| | ) | NANCY A. VECCHIARELLI |
| DEPARTMENT OF VETERANS | ) | |
| AFFAIRS, SECRETARY ROBERT | ) | |
| McDONALD, | ) | **Report and Recommendation** |
| | ) | **(Doc. No. 12)** |
| Defendant. | | |

This case is before the United States Magistrate Judge on referral for general pretrial supervision, including the preparation of reports and recommendations for the disposition of case dispositive motions. (Doc. No. 10) This case arises out of Plaintiff Laurence Lucy-Evan's ("Plaintiff") claims that the Department of Veterans Affairs discriminated against him on the basis of race and disability, as well as subjected him to reprisal for prior Equal Employment Opportunity (EEO) and whistleblower activity. Currently pending before the Court is the Motion to Dismiss filed by Defendant Robert McDonald ("Defendant"), the Secretary of the Department of Veterans Affairs.[1] (Doc.

---

[1] In a civil action brought to redress employment discrimination practices involving a federal agency, the only proper party defendant is the head of a department or agency. *See Hancock v. Egger*, 848 F.2d 87, 88 (6th Cir. 1988) (addressing claims arising under Title VII of the Civil Rights Act of 1964); *Buie v. Berrien*, 85 F. Supp. 3d 161, 171 (D.D.C. 2015) (discussing claims brought pursuant to the Rehabilitation Act of 1973, which provides a means for federal employees to raise disability-based discrimination claims). The same is true for claims brought against a federal agency under the Whistleblower Protection Act. *See Greenhouse v. Geren*, 574 F. Supp. 2d 57, 64 (D.D.C. 2008).

No. 12.) For the reasons set forth below, the United States magistrate judge recommends that this Court GRANT the Motion to Dismiss.

## I. Background

**A.     Relevant Facts**

On November 7, 2011, Plaintiff began working for the Veteran's Administration (VA) as an Assistant Specially Adapted Housing Agent. (Complaint, Doc. No. 1, at ¶ 1.) During his tenure at the VA, Plaintiff allegedly committed a number of disciplinary violations, which resulted in verbal and written counseling, a five day suspension, and proposed termination. (Complaint, Doc. No. 1, at ¶ 6, 12, 14, 15, 17, 18, 21, 22, 23, 25, 29.) The VA ultimately terminated Plaintiff in August 2013. (Office of Employment Discrimination Complaint Adjudication (OEDCA) Final Decision, Doc. No. 12-2, at p.4.)

While employed, Plaintiff made various complaints alleging that a national VA directive to scan paper documents from veterans' files, create an electronic file, and subsequently shred the paper files, violated federal records management law. (Complaint, Doc. No. 1, at p.1, 2.) Plaintiff maintains that the VA wrongfully subject him to reprisal for his whistleblowing activity.

During his tenure at the VA, Plaintiff also filed two EEO complaints. Plaintiff alleges that because of his EEO activity, the VA discriminated against him on the basis of race, disability, and reprisal. Plaintiff filed his first complaint in October 2012. (Complaint, Doc. No. 1, at ¶ 18; OEDCA Final Decision, Doc. No. 12-2, at p.2.) The

agency administratively closed the complaint when Plaintiff failed to file a formal complaint of discrimination. (OEDCA Final Decision, Doc. No. 12-2, at p.2.) The parties entered into a settlement agreement in January 2013 that resolved some of the claims in the October 2012 complaint. (*Id.*)

In July 2013, Plaintiff filed a second complaint with the EEO, which was accepted by the VA's Office of Resolution Management (ORM). (Complaint, Doc. No. 1, at ¶ 28; OEDCA Final Decision, Doc. No. 12-2, at p.2.) The second complaint included the following claims:

**Claim A:** Whether the Complainant was subjected to a hostile work environment based on race (Black), disability (Mental), and reprisal (prior EEO activity) as evidenced by the following events:

1. As of March 11, 2013, management officials failed to respond to the Complainant's January 24, 2013, request for a reasonable accommodation.
2. On March 27, 2013, the Assistant Valuation Officer, MF, issued the Complainant a fact-finding questionnaire based on accusations that he violated departmental policy.
3. On March 28, 2013, MF issued the Complainant a written counseling regarding his sick leave usage.
4. On April 19, 2013, the Complainant was charged with inappropriate disposition of documents and falsification of a time card.
5. On May 6, 2013, the Complainant was informed that he did not meet minimal qualifications, and was not referred to the position of Loan Specialist (Realty), under vacancy announcement number 325-13-12, GS-1125-11.
6. On May 15, 2013, and June 12, 2013, management denied the Complainant union representation for his proposed 5-day suspension.
7. Effective May 20, 2013, through May 23, 2013, and June 2, 2013, through June 3, 2013, the Complainant was issued a 5-day suspension.
8. On June 12, 2013, the Complainant was placed on indefinite paid administrative leave pending an investigation of unspecified

3

        misconduct.
9.     Effective August 27, 2013, JC, the Director, issued the Complainant a notice of removal.

**Claim B:** Whether the Complainant was discriminated against based on race, disability, and reprisal, as of March 11, 2013, when management officials failed to respond to his January 24, 2013, request for a reasonable accommodation.

**Claim C:** Whether the Complainant was discriminated against based on race, disability, and reprisal, when on March 28, 2013, MF issued him a written counseling regarding his sick leave usage.

**Claim D:** Whether the Complainant was discriminated against based on race, disability, and reprisal, when on May 6, 2013, he was informed that he did not meet minimal qualifications, and was not referred to the position of Loan Specialist, (Realty), under vacancy announcement number 325-13-12, GS-1125-11.

**Claim E:** Whether the Complainant was discriminated against based on race, disability, and reprisal, when on May 15, 2013, and June 12, 2013, management denied him union representation for his proposed 5-day suspension.

**Claim F:** Whether the Complainant was discriminated against based on race, disability, and reprisal, when effective May 20, 2013, through May 23, 2013, and June 2, 2013, through June 3, 2013, the Complainant was issued a 5-day suspension.

**Claim G:** Whether the Complainant was discriminated against based on race, disability, and reprisal, when on June 12, 2013, the Complainant was placed on indefinite paid administrative leave pending an investigation of unspecified misconduct.

**Claim H:** Whether the Complainant was discriminated against based on race, disability, and reprisal, when on August 27, 2013, JC, the Director, issued the Complainant a notice of removal.

(OEDCA Final Decision, Doc. No. 12-2, at p.4-5.)

On May 30, 2014, the Department of Veterans Affairs Office of Employment

Discrimination Complaint Adjudication (OEDCA) issued a Final Agency Decision. (OEDCA Final Decision, Doc. No. 12-2, at p.1, 23.) The OEDCA found no discrimination based on race, disability, or reprisal. (*Id.*) Its decision provided the following explanation of Plaintiff's right to appeal:

> Claims A through G: You may appeal these claims to the EEOC within 30 days of receipt of the final decision. If no appeal to the EEOC is filed, you may file a complaint in an appropriate United States District Court within 90 days of receipt of the final decision. (*Id.* at 23-24.)

> Claim H: You may appeal this claim to the Merits Systems Protection Board (MSPB) (not the EEOC) within 30 days of receipt of the decision. In the alternative, you may file a complaint with an appropriate United States District Court within 30 days of receipt of the final decision. (*Id.* at 25.)

Plaintiff alleges that he received the OEDCA's decision on July 19, 2014. (Complaint, Doc. No. 1, at ¶ 31.)

Plaintiff subsequently filed an appeal with the MSPB. (MSPB Decision, Doc. No. 12-3, at p.1.) In its decision dated December 1, 2014, the MSPB affirmed Plaintiff's removal from employment. (*Id.* at 2.) The decision advised Plaintiff that it would become "final" on January 5, 2015,[2] unless a petition for review with MSPB was filed by that date. (*Id.* at 25.) Plaintiff could pursue additional review of his claims through the MSPB, the EEOC, or the federal court system. (*Id.*) With regard to filing a civil action in federal court, the decision explained:

> Discrimination and other claims - You may file a civil action against the

---

[2] The MSPB's Decision incorrectly indicated that it would become final in January 2014, rather than January 2015.

> agency on both your discrimination claims and your other claims in an appropriate federal district court. The civil action must be filed with the district court no later than 30 calendar days after the decision becomes final.
>
> Other claims - If you want to request a review of this decision concerning your claims of prohibited personnel practices described in 5 U.S.C. §§ 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or by any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date on which this decision becomes final.

(*Id.* at 29-30.)

Plaintiff alleges that he received the MSPB's Decision on December 5, 2014. (Complaint, Doc. No. 1, at ¶ 32.) Plaintiff did not to seek further review through the MSPB, but instead filed the suit presently before this Court. (*Id.* at ¶ 33.)

**B.     Procedural History**

On March 6, 2015, Plaintiff, proceeding *pro se*, filed in this Court an action alleging that Defendant violated Chapter 23 of U.S.C. Title 5, which governs federal personnel management. (Doc. No. 1.) On September 2, 2015, Defendant filed a Motion to Dismiss Plaintiff's Complaint. (Doc. No. 12.) To date, Plaintiff has not filed any opposition to the Motion to Dismiss.[3]

---

[3] The certificate of service that accompanies the Motion to Dismiss reflects that Defendant sent a copy of the motion to Plaintiff via regular United States mail. (Doc. No. 12.)

**C.     The Complaint**

Defendant reasonably construes the Complaint to challenge the decisions of the OEDCA and MSPB and as raising Claims A through H, which are set forth on pages three and four of this opinion.[4] The Court agrees with that construction. Moreover, the Complaint does not allege any basis for excusing any delay in the filing of the Complaint.

## II. Motion to Dismiss

**A.     Material Outside the Pleadings**

In support of the motion to dismiss, Defendant refers to, and has attached copies of, the OEDCA's Final Decision and the MSPB's Decision. (Doc. Nos. 12-2, 12-3.) Generally, the Federal Rules of Civil Procedure preclude a district court from considering materials outside the pleadings without treating the motion as one requesting summary judgment:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given reasonable opportunity to present all material that is pertinent to the motion.

---

[4] To the extent that Plaintiff's Complaint before this Court can possible be construed to raise additional claims that were not before the agency, there is no indication that Plaintiff administratively exhausted them. *See Valentine-Johnson v. Roche*, 386 F.3d 800, 811 (6th Cir. 2004) ("Requiring the exhaustion of administrative remedies prior to filing suit in district court is . . . a generally accepted principle."); *see also* Fed. R. Civ. P. 9(c) (requiring a party to allege that all conditions precedent have occurred or been performed).

Fed. R. Civ. P. 12(d); see also Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 487 (6th Cir. 2009). There are, however, exceptions to this general rule, as a court may consider documents that are referenced in the complaint and are central to the plaintiff's claim. Greenberg v. Life Ins. Co. of Virginia, 177 F.3d 507, 514 (6th Cir. 1999).

In the present case, Plaintiff references the OEDCA's Final Decision and MSPB's Decision in the Complaint. (Doc. No. 1 at ¶ 31, 32.) The decisions are central to Plaintiff's claims as Plaintiff was required to administratively exhaust his claims and timely file a complaint with the appropriate court. Accordingly, this Court may consider the evidence without converting the motion to dismiss into one for summary judgment.

**B.    Legal Standard and Analysis**

Federal Rule of Civil Procedure 12(b)(6) allows a court to grant a motion to dismiss when a complaint fails to state a claim upon which relief can be granted. To survive a motion to dismiss, the complaint must contain sufficient factual information "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).

A defendant may raise the defense that the plaintiff's claim is time-barred in the context of a Rule 12(b)(6) motion. Cataldo v. U.S. Steel Corp., 676 F.3d 542, 547 (6th Cir. 2012). When "the allegations in the complaint affirmatively show that the claim is

8

time-barred . . . dismissing the claim under Rule 12(b)(6) is appropriate." *Id.* (*citing Jones v. Bock*, 549 U.S. 199, 215 (2007))*.*

Here, Defendant argues that if Plaintiff is raising claims solely under the Whistleblower Protection Act (WPA), this Court lacks subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendant further maintains that in the event Plaintiff has asserted additional claims, he has failed to commence his civil action within the statutorily required time frame.

The Civil Service Reform Act of 1978 (CSRA), 5 U.S.C. § 1101 *et seq.*, creates a framework for evaluating personnel actions taken against federal employees. The statutory framework, as well as regulations of the MSPB and EEOC, dictate the procedures an employee must follow to pursue his claims, depending on the severity of the personnel action. *Kloeckner v. Solis*, 133 S.Ct. 596, 601 (2012).

If this Court were to construe this case as arising solely under the WPA, 5 U.S.C. § 2302(b)(8), this Court would lack jurisdiction and dismissal pursuant to Rule 12(b)(1) would be appropriate. Only the United States Court of Appeals for the Federal Circuit, and under some limited circumstances federal circuit courts of appeals,[5] have jurisdiction to review MSPB decisions regarding whistleblower claims of retaliation in violation of 5 U.S.C. § 2302(b)(8). 5 U.S.C. § 7703(b)(1)(A)-(B); *see Stella v. Mineta*, 284 F.3d 135, 142 (D.C. Cir. 2002) ("Under no circumstance does the WPA grant the

---

[5] WPA cases filed during the five year period beginning on the effective date of the WPA may be filed in any federal circuit court of appeals of competent jurisdiction. 5 U.S.C. § 7703(b)(1)(B).

9

District Court jurisdiction to entertain a whistleblower cause of action brought directly before it."); *Grisham v. United States*, 103 F.3d 24, 26-27 (5th Cir. 1997). Thus, if Plaintiff is asserting only a claim under the WPA, this Court lacks subject matter jurisdiction over his Complaint.

The one exception to the general rule that the district court cannot exercise jurisdiction over WPA claims is when a federal employee alleges a "mixed case." An aggrieved federal employee brings a "mixed case" when he complains of an adverse personnel action serious enough to appeal to the MSPB *and* alleges that the action was motivated by discrimination. 5 U.S.C. §§ 7702(a)(1)(A), (a)(1)(B); 29 C.F.R. § 1614.302(a)(1); *Kloeckner*, 133 S.Ct. at 601. The adverse actions entitling an employee to appeal a case to the MSPB include removal, a suspension for more than 14 days, a reduction in grade or pay, and certain furloughs. 5 U.S.C. § 7512. A "mixed case complaint" may contain only an allegation of employment discrimination or it may contain additional allegations that are within the jurisdiction of the MSPB. 29 C.F.R. § 1614.302(a)(1). When an employee challenges a serious personnel action under the CSRA alone, or attacks a less serious personnel action as discriminatory, he has not brought a mixed case and different procedures apply. *Kloeckner,* 133 S.Ct. at 601 (*citing* 5 U.S.C. §§ 7702, 7703(b)(2)).

In Claim H of his EEO complaint, Plaintiff alleged a mixed case, *i.e.*, he was terminated based on race and disability discrimination. Plaintiff undertook a number of steps to pursue his mixed case claim, including an appeal of the mixed case complaint

to the MSPB followed by filing a civil action in this Court.[6] Plaintiff's appeal to this Court, however, was untimely.

An employee who receives notice of a final decision from the MSPB and elects to appeal a mixed case claim directly to federal district court, must file his complaint within 30 days of receipt of the MSPB's final decision. 5 U.S.C. § 7703(b)(2); 29 C.F.R. § 1614.310(b). If no review of the MSPB's decision is sought, the decision becomes "final" 35 days after the initial decision is issued. *Ballard v. Tennessee Valley Auth.*, 768 F.2d 756, 763-64 (6th Cir. 1985) (*citing* 5 C.F.R. § 1201.113). In such circumstances, an employee is deemed to "receive notice" of a final decision "on the very day the initial decision becomes the final decision of the Board, and must file for judicial review within 30 days of that date." *Id.* at 764. Courts have interpreted this timing requirement to be nonjurisdictional and similar to a statute of limitations. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) (finding that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court,

---

[6] An employee who intends to pursue a mixed case has several paths available to him. *Valentine-Johnson*, 386 F.3d at 805-06 (*quoting Butler v. West*, 164 F.3d 634, 638-39) (D.C. Cir. 1999) (citations omitted)). The employee may choose between filing a "mixed case complaint" with his agency's EEO office and filing a "mixed case appeal" directly with the MSPB. *Id.* When a complainant appeals to the MSPB, either directly or after pursing his claim with the agency EEO office, an Administrative Judge renders a decision. *Id.* Within 30 days of receiving the MSPB's final decision, the employee can appeal the entire claim, or any parts of it, to an appropriate district court. *Id.*

but a requirement that, like a statue of limitations, is subject to waiver, estoppel, and equitable tolling); *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990) (extending *Zipes* to administrative requirements for federal employees); *Mitchell v. Chapman*, 343 F.3d 811, 819-20 (6th Cir. 2003); *Amini v. Oberlin Coll.*, 259 F.3d 493, 500 (6th Cir. 2001) (explaining that the Sixth Circuit "has repeatedly cautioned that equitable tolling relief should be granted only sparingly").

Here, the MSPB issued its initial decision on December 1, 2014. Plaintiff received a copy of the decision on December 5, 2014. Plaintiff elected not to pursue further review of the decision by the MSPB. Thus, the Board's decision became final on January 5, 2015. Plaintiff had until February 4, 2015, to file a civil action, but did not commence this lawsuit until March 6, 2015. Plaintiff, who has not filed a response to the motion to dismiss, has not set forth any basis for excusing his untimeliness. As a result, Plaintiff has failed to timely file his mixed case claim and it should be dismissed.

The remainder of the claims in Plaintiff's EEO complaint, Claims A through G, do not involve adverse personnel actions that could constitute the basis of a mixed case. To the extent that Plaintiff seeks judicial review of these claims, the deadline to file a district court action was 90 days from the receipt of a final agency decision. 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407(a). The OEDCA issued its Final Decision on May 30, 2014. Plaintiff alleges that he did not receive the decision until July 19, 2014. Even assuming that Plaintiff received the decision at this late date, his Complaint was untimely because he was required to commence his suit by October 17, 2014. Plaintiff

filed his claims approximately five months later, on March 6, 2015.  Accordingly, these claims must be dismissed.

### III. Conclusion

For the foregoing reasons, the magistrate judge recommends that this Court GRANT the Motion to Dismiss and dismiss Plaintiff's Complaint.

        s/ *Nancy A. Vecchiarelli*
        UNITED STATES MAGISTRATE JUDGE

Date: October 22, 2015

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).**